**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                                       PLAINTIFF

v.                                                 No. 4:01CR00142 JLH

JASON JERREL AUSLER                                                                                           DEFENDANT

## ORDER

Jason Jerrel Ausler was convicted of possession with intent to distribute cocaine hydrochloride and possession with intent to distribute cocaine base. He was sentenced to a term of imprisonment of 480 months. He appealed his conviction without raising any sentencing issues, and the Eighth Circuit affirmed. *United States v. Ausler*, 395 F.3d 918 (8th Cir. 2005), *cert. denied*, 546 U.S. 861. He petitioned for habeas relief pursuant to 28 U.S.C. § 2255. This Court denied the petition, and the Eighth Circuit affirmed. *Ausler v. United States*, 545 F.3d 1101 (8th Cir. 2008).

Now, Ausler has filed a motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure in which he asks this Court to reopen the habeas petition he filed under 28 U.S.C. § 2255. In his section 2255 petition, Ausler argued that he should be resentenced pursuant to *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Ausler argued that *Booker* did not create a new procedural rule under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), and even if it did, *Booker* announced a watershed rule implicating the fundamental fairness and accuracy of criminal proceedings. Moreover, Ausler argued that *Booker* resulted in a substantive change in the law by changing the punishment available for the offense by dissolving the line between elements of an offense and sentencing factors such as the quantity and type of drug. Ausler acknowledged, however, that the Eighth Circuit had held that *Booker* did not apply

retroactively on collateral review.  As noted above, this Court denied Ausler's petition, and the Eighth Circuit affirmed.  In its opinion, the Eighth Circuit said:

> Ausler argues that the decision in *Booker* declaring the mandatory Sentencing Guidelines unconstitutional is retroactive; therefore, he is entitled to be resentenced under the post-*Booker* advisory guidelines regime.  As Ausler acknowledges, we have held that "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings."  *Never Misses a Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005). . . . We reject this claim.

*Ausler*, 545 F.3d at 1105.

Ausler now argues that *Booker* applied to all cases pending on direct review or not yet final as of January 12, 2005, and he notes that his direct appeal was pending as of that date because the opinion of the Eighth Circuit on direct appeal was issued after *Booker* was decided.  He asks the Court to reopen his section 2255 petition and allow *Booker* to be applied in his case.

A federal prisoner may collaterally attack his conviction only by filing a petition pursuant to 28 U.S.C. § 2255.  Where, as here, a petitioner has already filed one petition under section 2255, he cannot file another one without obtaining permission from the United States Court of Appeals for the Eighth Circuit.  28 U.S.C. § 2255(h); Rule 9 of the Rules Governing Section 2255 Proceedings. Ausler has not sought permission from the Eighth Circuit to file a second or successive habeas petition pursuant to 28 U.S.C. § 2255.  The Eighth Circuit has said:

> In order to establish a uniform procedure throughout the Circuit, we encourage district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254.  If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from

the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals.

*Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002), *cert. denied*, 538 U.S. 953.  *See also United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005), *cert. denied*, 545 U.S. 1135 (it is well established that inmates may not bypass the authorization requirement for filing a second or successive section 2255 petition by purporting to invoke some other procedure).

Ausler's present motion is in fact a second or successive habeas petition because Ausler seeks substantive relief from the sentence imposed upon him in this action.  *Johnson v. United States*, 2006 WL 2927535, at *2 (D. Minn., Oct. 12, 2006).  Ausler's motion is therefore denied.  Document #159.[1]

IT IS SO ORDERED this 12th day of January, 2010.

*(signature)*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] Ausler's *pro se* motion to correct typographical errors is granted.  Document #160.  Ausler's *pro se* motion for traverse and *pro se* motion to supplement his motion for traverse are granted.  Documents #167 and #168.