**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                            No. 4:01CR00142 JLH

JASON JERREL AUSLER                                                                 DEFENDANT

## OPINION AND ORDER

Jason Jerrel Ausler was convicted by a jury of possession with intent to distribute more than

5 kilograms of cocaine hydrochloride and possession with intent to distribute more than 5 but less

than 50 grams of cocaine base. Based on the drug quantity table, his offense level under the

sentencing guidelines was 32, but he was a career offender, so pursuant to U.S.S.G. § 4B1.1, his

offense level was 37 and his criminal history category was VI, which made the sentencing range

under the guidelines 360 months to life imprisonment. The Honorable Stephen M. Reasoner[1]

sentenced Ausler to a term of imprisonment of 480 months. Ausler appealed his conviction without

raising any sentencing issues, and the Eighth Circuit affirmed on January 26, 2005. *United States*

*v. Ausler*, 395 F.3d 918 (8th Cir. 2005), *cert. denied*, 546 U.S. 861 (2005). The Eighth Circuit issued

its mandate on March 3, 2005. The Supreme Court denied certiorari on October 23, 2005.

On July 31, 2006, Ausler petitioned for habeas relief pursuant to 28 U.S.C. § 2255. Ausler

argued in that petition that he should be resentenced pursuant to *United States v. Booker*, 543 U.S.

220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). This Court denied the petition, and the Eighth Circuit

affirmed. *Ausler v. United States*, 545 F.3d 1101 (8th Cir. 2008). In its opinion, the Eighth Circuit

said:

---

[1] Judge Reasoner died on August 14, 2004. This case was reassigned to this judge on
August 5, 2005.

> Ausler argues that the decision in *Booker* declaring the mandatory Sentencing
> Guidelines unconstitutional is retroactive; therefore, he is entitled to be resentenced
> under the post-*Booker* advisory guidelines regime.  As Ausler acknowledges, we
> have held that "the 'new rule' announced in *Booker* does not apply to criminal
> convictions that became final before the rule was announced, and thus does not
> benefit movants in collateral proceedings."  *Never Misses a Shot v. United States*,
> 413 F.3d 781, 783 (8th Cir. 2005). . . .  We reject this claim.

*Ausler*, 545 F.3d at 1105.  After affirming the denial of habeas relief, the Eighth Circuit issued its

mandate on January 23, 2009.

On August 3, 2009, Ausler filed a *pro se* motion for an order to void the judgment pursuant

to Rule 60(b)(4) and (6) of the Federal Rules of Civil Procedure.  The Court denied that motion on

August 18, 2009.

On October 16, 2009, Ausler filed a motion pursuant to Rule 60(b)(6) of the Federal Rules

of Civil Procedure in which he asked this Court to reopen the habeas petition that he had filed under

28 U.S.C. § 2255.  In his Rule 60(b)(6) motion, Ausler argued that *Booker* applied to all cases

pending on direct review or not yet final as of January 12, 2005, and he noted that his direct appeal

was pending as of that date because the opinion of the Eighth Circuit on direct appeal was issued two

weeks after *Booker* was decided.  He requested that the Court reopen his § 2255 petition and allow

*Booker* to be applied in his case.  This Court held that Ausler's Rule 60(b) motion was a second or

successive habeas petition and therefore denied that motion, citing *Boyd v. United States*, 304 F.3d

813, 814 (8th Cir. 2002), *cert. denied*, 538 U.S. 953 (2003); *United States v. Lambros*, 404 F.3d

1034, 1036 (8th Cir. 2005), *cert. denied*, 545 U.S. 1135 (2005); and *Johnson v. United States*, No.

4-92-143 ADM, 2006 WL 2927535 (D. Minn. Oct. 12, 2006).

The Eighth Circuit reversed and remanded the case to this Court for consideration of issues

including whether the Rule 60(b) motion was timely and whether exceptional circumstances exist

to warrant relief.  Thereafter, the Court appointed counsel to represent Ausler and set a briefing schedule.  Both parties have submitted briefs, so the case is again ripe for decision.

The first issue is whether Ausler's Rule 60(b)(6) motion was timely.  Rule 60(c)(1) provides: "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  What constitutes a reasonable time within which a Rule 60(b)(6) motion must be filed depends upon the facts and circumstances of the particular case. *Middleton v. McDonald*, 388 F.3d 614, 617 (8th Cir. 2004).

The government argues that Ausler's Rule 60(b)(6) motion was untimely because it was filed more than four years and nine months from the date the Eighth Circuit confirmed his conviction, but that is not the correct date from which to determine whether the Rule 60(b)(6) motion was timely. Rule 60(b)(6) applies to civil proceedings, not to criminal proceedings.  The only civil proceeding to which Rule 60(b)(6) could apply is Ausler's § 2255 petition. *See* Rule 12, Rules Governing Section 2255 Proceedings; *cf. Gonzalez v. Crosby*, 545 U.S. 524, 533, 125 S. Ct. 2641, 2649, 162 L. Ed. 2d 480 (2005) ("Rule 60(b) has an unquestionably valid role to play in habeas cases."). Ausler's *pro se* motion pursuant to Rule 60(b)(6) was filed on October 16, 2009, two years and five months after this Court denied his § 2255 petition and approximately nine months after the Eighth Circuit issued its mandate.

Ausler has diligently pursued his claim. *Cf. Winslow v. Portuondo*, 599 F. Supp. 2d 337, 342 (E.D.N.Y. 2009).  He has been attempting to raise his *Booker* issue for more than two years.  He is an inmate without the financial means to hire a private attorney.  It is apparent that the lawyer appointed to represent him on his § 2255 petition and the courts, including the Eighth Circuit and

undersigned judge, overlooked the fact that Ausler's direct appeal had not been decided when *Booker* was issued. Assuming that Ausler's Rule 60(b)(6) motion is not a second or successive habeas petition, based on all the facts and circumstances of this case, Ausler's Rule 60(b)(6) motion is timely.

The second issue is whether exceptional circumstances exist to warrant relief. *See Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999) (exceptional circumstances must exist to justify relief under Rule 60(b)). Exceptional circumstances do not exist to justify relief because, if Ausler had raised his *Booker* issue on direct appeal, the Eighth Circuit would have denied relief.

Although *Booker* applies to cases that were still pending on direct review at the time *Booker* was decided, that does not mean that a new sentencing hearing is or was required in every criminal case pending on appeal at the time *Booker* was decided. *Booker*, 543 U.S. at 268, 125 S. Ct. at 769. For cases pending on direct appeal when *Booker* was decided, whether a new sentencing hearing is required is determined by the plain error analysis. *Id.*; *United States v. Pirani*, 406 F.3d 543, 549-50 (8th Cir. 2005). An appellate court can correct an error not raised at trial if there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, the Court can review the forfeited error if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 550 (quoting *Johnson v. United States*, 520 U.S. 461, 466-67, 117 S. Ct. 1544, 1549, 137 L. Ed. 2d 718 (1997)). Whether the failure of the district court to treat the guidelines as advisory rather than mandatory affected Ausler's substantial rights depends upon whether Ausler can demonstrate a reasonable probability that he would have received a more favorable sentence had the guidelines been treated as advisory. *Pirani*, 406 F.3d at 551.

As noted above, Ausler's offense level was 37, and his criminal history category was VI, which made the guideline range for his term of imprisonment 360 months to life. The government argued for a sentence of life imprisonment, while Ausler's lawyer argued for a sentence at the low end of the guideline range, *i.e.*, 360 months. Before imposing sentence, Judge Reasoner made the following statement:

> I think there are numerous reasons that would justify a life sentence in this case. I think the criminal history category, the almost total lack of any employment, the fact the criminal history category involved at least two firings of a gun, maybe three, and, of course, the totally defiant attitude that the defendant exhibits toward, not just this Court, but really towards society as a whole, it certainly, I think, could be justified. . . . And let me say this. If the instant arrest involved violence, or a threat of violence, or if Mr. Ausler had had a gun, there's no question I would give a life sentence in this case. But it did not. However, that being said, I do not think that a sentence at the low end of the guideline range is appropriate either because of the things that I've already said that could justify a life sentence, they certainly justify something greater than the minimum sentence.

Judge Reasoner then imposed a sentence of 480 months, which was 120 months above the low end of the guideline range.

In *United States v. Noe*, 411 F.3d 878 (8th Cir. 2005), the Eighth Circuit considered a case almost identical to this one. There, as here, the defendants had a guideline range of 360 months to life, and the district court imposed a sentence of 480 months imprisonment. *Id*. at 883, 888. There, as here, the *Booker* issue had not been raised at the sentencing hearing. *Id*. at 888. The Eighth Circuit held that the defendants' *Booker* claims failed the third part of the plain error test because the defendants could not show a reasonable probability that but for the mandatory application of the guidelines they would have received a lesser sentence. *Id*.

> Nothing in the record suggests that they would have received a lesser sentence if the district court had known that the guidelines were merely advisory. Even under the mandatory regime in effect at the time of sentencing, the district court could have

> sentenced [the defendants] to lesser sentences of 360 months' imprisonment under
> the guidelines even after applying the enhancements.  That the district court imposed
> sentences well in excess of the minimum guidelines range forecloses any plausible
> contention that a merely advisory guidelines regime would probably have resulted in
> lesser sentences.

*Id.*  *Noe* is on all fours with the present case.  Here, as in *Noe*, the fact that the sentencing judge

imposed a sentence well in excess of the guideline range forecloses any plausible argument that if

the sentencing judge had considered the guidelines as advisory he would have imposed a lesser

sentence.

## CONCLUSION

The circumstances do not justify relief under Rule 60(b).  While an error was made in

addressing Ausler's *Booker* argument, the outcome was correct—Ausler is not entitled to a new

sentencing hearing pursuant to *Booker*.  Ausler's Rule 60(b) motion is again denied.

IT IS SO ORDERED this 25th day of August, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE