**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                                      PLAINTIFF

v.                                              No. 4:01CR00142 JLH

JASON JERREL AUSLER                                                                                            DEFENDANT

**ORDER**

Jason Jerrel Ausler filed a *pro se* motion to correct an error in the record in which he asserted that the presentence report erroneously recited that he previously had been convicted of possession of a controlled substance with intent to deliver when in fact he was convicted of simple possession. He attached a copy of his judgment and commitment order for the previous conviction, which purported to show that he was convicted of possession, not possession with intent to deliver. The Court denied the motion because the motion appeared to be an attack on his sentence as a career offender, and any such attack was procedurally defaulted and barred by the statute of limitations. The Court also stated that the documents did not show that Ausler was convicted of simple possession as opposed to possession with intent to deliver because the judgment and commitment order shows that he was convicted of Ark. Code Ann. § 5-64-401, which provides that it is unlawful for any person to manufacture, deliver, or possess with intent to deliver a controlled substance.

Ausler has now filed a motion for reconsideration. In his motion for reconsideration, he disclaims making an attack on his sentence, he argues that he was convicted under Ark. Code Ann. § 5-64-401(c), which provides for a lesser included offense of simple possession, and he has attached a notice of intention to seek statutory enhancement pursuant to 21 U.S.C. § 851, which was filed by the United States on September 22, 2003.

The motion for reconsideration is DENIED. Document #266. First, the judgment and commitment order does not show that Ausler was convicted under Ark. Code Ann. § 5-64-401(c). Rather, it simply shows that he was convicted under § 5-64-401. Second, the presentence reported was completed nearly twelve years ago. That document has served its purpose. It is not a public document. There is no point in requiring it to be corrected at this time. Third, the notice of intention to seek statutory enhancement pursuant to 21 U.S.C. § 851 is not a document prepared or filed by the Court. That document was filed by the United States Attorney's Office, and the Court has no authority to amend it. That document is under seal. Even if the Court had the authority to amend it, it would serve no purpose to do so.

IT IS SO ORDERED this 11th day of February, 2016.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE